UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| FABIAN DEJESUS, | Case No.: 6:23-cv-222 |
| Plaintiffs, | |
| vs. | |
| ESTHER PAGAN ARROYO AND AUTO-OWNERS INSURANCE COMPANY, | |
| Defendants. | |

**DEFENDANT AUTO-OWNERS INSURANCE COMPANY'S NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1446(b), AUTO-OWNERS INSURANCE COMPANY hereby removes this action from the Circuit Court for the Seventh Judicial Circuit in and for Volusia County, Florida, Case Number 2022-11865-CIDL, to the United States District Court for the Middle District of Florida. In support of this Notice of Removal, AUTO-OWNERS INSURANCE COMPANY, avers as follows:

**Procedural History and Plaintiffs' Allegations**

1. This action arises out of a motor vehicle accident that is alleged to have occurred on February 20, 2020, in Volusia County, Florida. At the time of the alleged occurrence, the Plaintiff operated a commercial vehicle insured by Auto-Owners Insurance Company which provides uninsured/underinsured motorist coverage. The alleged at-fault driver, Esther Pagan Arroyo, operated a motor vehicle which did not have bodily injury insurance coverage.

1

2. Plaintiffs' Complaint alleges a cause of action against Esther Pagan Arroyo for motor vehicle negligence and a cause of action against Auto-Owners Insurance Company for entitlement to uninsured motorist coverage benefits.

3. Plaintiff initiated this action against Auto-Owners Insurance Company in state court on December 29, 2022, by the filing of an Amended Complaint.[1]  On December 30, 2022, the Volusia County Clerk of Court issued a summons for Auto-Owners Insurance Company. A copy of the summons is attached hereto in composite "Exhibit C."

4. On January 9, 2023, Plaintiff filed (1) requests for production; (2) initial interrogatories; and (3) requests for admission directed to Auto-Owners Insurance Company. A copy of these documents are attached hereto in composite "Exhibit C").

5. On January 9, 2023, Plaintiff served process upon Auto-Owners Insurance Company.

6. Auto-Owners Insurance Company filed its Answer and Affirmative Defenses on February 8, 2023.[2]

7. As of the filing of this Notice, Co-Defendant Esther Pagan Arroyo has not been served process.

**Grounds for Removal**

8. This Court has original jurisdiction to this action pursuant to 28 U.S.C. § 1332(a).

---

[1] According to documents filed in the State Court action, it appears the initial Complaint mistakenly named Auto-Owners Automobile Insurance Company as a party defendant instead of Auto-Owners Insurance Company.

[2] The Plaintiff granted Auto-Owners a 10-day enlargement of the period of time for Auto-Owners to file its initial Answer & Affirmative Defenses.

9. Pursuant to 28 U.S.C. § 1441(b), this action may be removed to this Court based on diversity of citizenship and because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

10. At the time of the filing of the initial state court filing and at the time of filing of this notice of removal, Plaintiff resides in Volusia County, Florida. (Am. Compl. at ¶ 2).

11. Defendant is an insurance company with its principal place of business located in Michigan.

12. Plaintiff and Defendant are citizens of different states, and thus, complete diversity exists between them. See Carpenter v. Illinois Cent. Gulf R. Co., 524 F.Supp. 249, 252 (M.D. La. 1981) (holding that an insurer does not assume citizenship of its insured for purposes of determining existence of diversity jurisdiction in actions to recover uninsured motorist benefits).

13. At the time of the filing of this Notice of Removal, Defendant has no knowledge of service of process upon Ms. Esther Pagan Arroyo, and there is no record evidence with the Clerk of Court reflecting service of process upon her. Thus, joinder by Ms. Arroyo is not required. See C.L.B. v. Frye, 469 F.Supp.2d 1115 (M.D. Fla. 2006); North v. Precision Airmotive Corp., 600 F.Supp.2d 1263, 1267-1268 (M.D. Fla. 2009) ("Pursuant to 28 U.S.C. § 1441(b), actions founded upon diversity 'shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); see also Lincoln Prop. Co. v. Roche, 546 U.S. 81, 90 (2005) ("An in-state plaintiff may invoke diversity jurisdiction, but § 1441(b) bars removal on the basis of diversity if any 'part[y] in interest properly joined and served as [a] defendan[t] is a citizen of the State in which [the] action is brought.' In the instant case, Virginia plaintiffs Christophe and Juanita Roche

joined and served no Virginian as a party defendant. Hence the action qualified for the removal defendants effected."). Similarly, the Plaintiff in this action has not joined and served a Floridian as a party defendant, thus, this action qualifies for removal.

14. Additionally, Plaintiff's failure to file any returns of service whatsoever with the Clerk of Court to establish record evidence of proper joinder and service of Ms. Esther Pagan Arroyo, before the filing of this Notice of Removal serves as a waiver of the procedural requirement of 28 U.S.C. § 1441(b).  See North v. Precision Airmotive Corp., 600 F.Supp.2d 1263, 1267-1268 (M.D. Fla. 2009).  Thus, the "forum defendant rule" does not apply.  Id.

15. What's more, the Amended Complaint does not contain a certificate of service indicating that it was served or otherwise mailed to the Co-Defendant,[3] and there has been no request for a summons for the Co-Defendant for service of the Amended Complaint.  Thus, it does not appear that the Plaintiff intends to serve the Amended Complaint on the Co-Defendant at all.

16. Additionally, Plaintiffs' action to recover uninsured motorist benefits against Defendants is not a "direct action" within the requirements of 28 U.S.C. § 1332(c).  See State Farm Ins. Co. v. Evans, 712 F.Supp. 57, 59 (E.D. Pa. 1989) ("[A]ctions by an insured against his own insurer under the uninsured motorist provisions of the policy . . . [do not] constitute direct actions within the provision of § 1332(c).").

---

[3] A summons was requested for both the Co-Defendant and Auto-Owners for the initial Complaint.  However, it appears from the record that the Plaintiff attempted to serve Auto-Owners, only.  Once realizing they named the incorrect entity, the Amended Complaint was filed but a request for a summons was only made for Auto-Owners, not Ms. Arroyo.  Therefore, the record appears to suggest that the Plaintiff has no intent to serve Ms. Arroyo, since it does not appear the initial Complaint was ever served on her, and the Plaintiff has never sought to have a new summons issued to her for the Amended Complaint.  Thus, it appears more likely that Ms. Arroyo was named as a party defendant in this action simply to destroy diversity of citizenship, as there is no record evidence to suggest any attempts to serve her at all in this action.

17.     Plaintiff's Complaint alleges that "[t]his is an action for damages that exceed Thirty Thousand Dollars ($30,000.00) exclusive of interest, costs and attorney's fees."  (Am. Compl. at ¶ 1).

18.     Notwithstanding the jurisdictional amount stated in Plaintiff's Amended Complaint, the amount in controversy at issue here exceeds $75,000.00.

19.     Plaintiff has pleaded in excess of $30,000.00 in the Amended Complaint and Plaintiff's demand letter and medical records sent to Auto-Owners Insurance Company prior to initiating litigation demonstrate by a preponderance of the evidence, that he is seeking damages in an amount of $750,000.00[4] based on the alleged injuries and future damages.  See Dugal v. Commercial Standard Ins. Co., 456 F.Supp. 290, 292 (W.D. Ar. 1978) ("[T]he fact that recovery [under an insurance policy] might be in an amount less than [$75,000.00] does not in itself deprive this Court of jurisdiction, so long as the amount claimed in the complaint is in good faith and there is some possibility of recovery of the jurisdictional amount."); see also Turntine v. Peterson, 959 F.3d 873, 880 (8th Cir. 2020) ("Plaintiffs have pleaded in excess of $60,000. When damages are pleaded in this way, the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.") (emphasis in original; citation and quotation omitted).

20.     Specifically, the Plaintiff alleges to have incurred medical bills in the amount of $261,258.23 as a result of the alleged occurrence.  (See "Exhibit D").  The Plaintiff also alleges to have sustained the following as a result of the alleged occurrence:

**Right Shoulder:**

   i.     **Rotator cuff impingement;**

---

[4] The uninsured/underinsured motorist policy of insurance provides benefits up to $1,000,000.00.

   **ii.**   **Extensive partial tears involving the tendons**

   **iii.**   **Partial tearing of the distal subscapularis tendon**

**Cervical Spine:**

   **i.**   **Disc bulging / radial tears at C3-4 through C6-7**

   **ii.**   **Disc herniations /radial tears at C7-T1**

   **iii.**   **Cord compression at C4-5**

21. Plaintiff likewise alleges to have underwent a C3-C4 and C4-C5 anterior discectomy[5] with a total disc replacement, as well as a C6-C7 anterior cervical discectomy with arthrodesis.[6]

22. Based on the foregoing, complete diversity among the parties exists and the amount in controversy exceeds the requisite jurisdictional amount. Removal is therefore proper.

### The Procedural Requirements for Removal Have Been Satisfied

23. Pursuant to 28 U.S.C. § 1441(a), this action is being removed to the proper district court for the district and division where the state court action is pending. The state court action is currently pending in the Circuit Court for the Seventh Judicial Circuit in and for Volusia County, Florida, which is within the United States District Court for the Middle District of Florida, Orlando Division.

24. Pursuant to 28 U.S.C. § 1446(b)(3), this action is being removed timely as removal occurred within thirty (30) days after Plaintiff served process upon Defendant.[7]

---

[5] A surgical procedure by which the whole or party of an intervertebral disc is removed.

[6] A surgical procedure by which the cervical joint is immobilized by fusion of the adjacent bones.

[7] The verified affidavit of service reflects that service of process occurred on January 9, 2023.

25. After filing this Notice of Removal, Defendant will promptly serve written notice of this Notice of Removal on counsel for the Plaintiff and file the same with the Clerk of the Circuit Court for the Seventh Judicial Circuit in and for Brevard County, Florida, in accordance with 28 U.S.C. § 1446(d).

26. Pursuant to Local Rule 4.02, true and correct copies of all process, pleadings, orders, and other papers or exhibits of every kind, as of the filing of this Notice on file in the action pending in the Circuit Court for the Seventh Judicial Circuit in and for Volusia County, Florida, are attached hereto as follows:

   a. Exhibit A: State Court Amended Complaint
   b. Exhibit B: State Court Answer
   c. Exhibit C: State Court Docket Sheet
   d. Exhibit D: Other State Court Documents
   e. Exhibit E: Civil Cover Sheet
   f. Exhibit F: Plaintiff's Demand Letter and Medical Records
   g. Exhibit G: Notice of Filing of Notice of Removal

**Non-Waiver of Defenses**

27. By removing this action from the Circuit Court for the Seventh Judicial Circuit in and for Volusia County, Florida, Defendant does not waive any defenses available to it.

28. By removing this action from the Circuit Court for the Seventh Judicial Circuit in and for Volusia County, Florida, Defendant does not admit any of the allegations in Plaintiff's Amended Complaint.

**WHEREFORE**, Defendant, AUTO-OWNERS INSURANCE COMPANY, removes the above-captioned action from the Circuit Court for the Seventh Judicial Circuit in and for Volusia County, Florida to the United States District Court for the Middle District of Florida.

DATED THIS THE 8th day of February, 2023.

SMITH BIGMAN BROCK, P.A.

By: _____
JEFFREY E. BIGMAN
Florida Bar No.: 063347
ADAM J. CAMPBELL
Florida Bar No.: 0123509
Post Office Box 15200
Daytona Beach, Florida 32115
Telephone: (386) 254-6875
**E-mails:** ACampbell@daytonalaw.com
            Eservice@daytonalaw.com
ATTORNEYS FOR DEFENDANTS
AUTO-OWNERS INSURANCE
COMPANY